The opinion of the court, (Tilghman, C. J., absent,) was delivered by
Rogers, J.
The defendant has assigned for error, that the description in the declaration, viz. that part of it which spoke of a lot of sundries, was too general.
The declaration, in this case, would undoubtedly have been ill on demurrer; but then, upon the error being pointed out, the court under our .act. of assembly, would have given leave to amend. What would have been the effect of a demurrer, whether the plaintiff would have been entitled to a judgment on that part of the declaration, which is good, it is unnecessary here to determine, 6 Com. Dig. Title Pleader, C. No. 32, Page 63.
*11 Instead of pursuing this course, he puts in a plea of property, by which he in effect says, that this lot of sundries, mentioned in the plaintiff’s declaration, is his property. This the plaintiff has denied in the record, and the jury have adjudged the lot of sundries to belong to the plaintiff, and have assessed their value. In addition to this, he claimed property in the lot of sundries, when the sheriff came to replevy them, .gave a replevin bond for them, and retained the possession of them.
On this state of the record, this .court are asked to reverse the judgment, because, says the defendant, the description is so general, that neither he nor the sheriff could know what articles this lot of sundries consisted of, and that he, the defendant, could not be protected in a.second suit for the same property. It might be sufficient to observe, that if he had really laboured under this difficulty of want of knowledge, he might easily have protected himself by a demurrer, when he would have been either entitled to a judgment, or would have compelled the plaintiff to set out the description of the goods with more certainty. But how can the defendant now say, that he does not know what the plaintiff meant, by a lot of sundries, after he has claimed property in them, to the sheriff, and on the records of the court, and after he has retained and has now the possession of the very articles for which this suit is brought. But it is said, the description must be so-certain, that the sheriff can tell how to make deliverance of the property. This, however, will not avail the defendant, for the sheriff is not bound to redeliver, unless the goods be shown to him by the party; and, in the case of a defendant, it has been ruled to be a good return to say, Nüllus venit ex parte defendentis ad ostendendum bona et catalla. Neither do I conceive that there is any force, in the objection, that the defendant would not be protected by plea of former recovery. This might be done, in case of a second suit, by proper averments and proof. If there .should be a difficulty in this, it is one which he might easily have avoided by detnurring for the uncertainty in the declaration.
We are not without authority on this part of the case. It seems now to be settled, that a declaration in replevin being certain to a general intent, is sufficient, especially if it be after a verdict. The reasoning of the court, in the case of Kempster v. Nelson, 2. Wheat. Sel. 913, I conceive to be decisive of the present point. In that case, the declaration was for taking divers goods and chattels, viz. a certain parcel of lint, and a certain parcel of paper. The defendant avowed for rent; and aftel’ a verdict for the plaintiff, an exception was taken in arrest of judgment, that the declaration was uncertain, in not specifying the quantities contained in the parcel; but Parker, C. J., who delivered the opinion of the court, said that the declaration would undoubtedly have been ill on demurrer, but the defendant, having avowed the taking of the goods in the declaration, the avowry had cured the defect, as thereby both parties had *12 agreed what the goods ivere, &c. And, as to the difficulty of delivering the goods upon a retorno habendo, in case.the avowant prevailed, he said there was no weight in that objection; for the sheriff, when he came to make a return, might have the defendant’s assistance to show him which were the.goods; and he was not obliged to execute the writ, unless somebody attended to point out the things he was to deliver. 2 Saund. 74, a. note 1.
The principle upon which the court grounded their opinion, is, “ that both parties here agreed what the goods were.” Here both parties are agreed what the goods were, viz. the lot of sundries; the defendant by his claim of property to the sheriff, his replevin bond, and plea of property in court; the plaintiff, by his declaration, his replication of property in himself, and,his prayer on the record, of a writ of retorno habendo.
In one respect, the present is stronger than the case of Kempster v. Nelson. That was a motion in arrest of judgment, this is after judgment, in a court of error.
I have considered the second error assigned, and understand the court as saying, that the jury should find the value of the goods, and should assess damages for their detention. In this, there is no error.
Judgment affirmed.